IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

RONALD HUGH HUTTON,                )
                                    )
        Plaintiff,              )
                                    )
        v.                      )   1:17CV151
                                    )
U.S. DEPARTMENT OF VETERANS         )
AFFAIRS, BOARD OF VETERAN           )
APPEALS,                            )
                                    )
        Defendants.             )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court on the Complaint filed pursuant to 42 U.S.C. § 1983 by Plaintiff Ronald Hugh Hutton. In conjunction with the Complaint, Plaintiff also submitted an Application for Leave to Proceed In Forma Pauperis. "The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts 'solely because his poverty makes it impossible for him to pay or secure the costs.'" <u>Nasim v. Warden, Md. House of Corr.</u>, 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (quoting <u>Adkins v. E.I. DuPont de Nemours & Co.</u>, 335 U.S. 331, 342 (1948)). "Dispensing with filing fees, however, [is] not without its problems. Parties proceeding under the statute d[o] not face the same financial constraints as ordinary litigants. In particular, litigants suing in forma pauperis d[o] not need to balance the prospects of successfully obtaining

relief against the administrative costs of bringing suit."  Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 255 (4th Cir. 2004).

To address this concern, the in forma pauperis statute provides that "the court shall dismiss the case at any time if the court determines that – . . . (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).

As to the first of these grounds for dismissal, the United States Supreme Court has explained that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim."  Nagy, 376 F.3d at 256-57 (some internal quotation marks omitted).

As to the second grounds for dismissal, a plaintiff "fails to state a claim on which relief may be granted," 28 U.S.C. § 1915(e)(2)(B)(ii), when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Id.  In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere

2

conclusory statements, do not suffice." Id.[1]  In addition, the Court may anticipate affirmative defenses which are clear on the face of the complaint.  Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The third ground for dismissal under 28 U.S.C. § 1915(e)(2)(B) generally applies to situations in which doctrines established by the United States Constitution or at common law immunize governments and/or government personnel from liability for monetary damages.  See, e.g., Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984) (discussing sovereign immunity of states and state officials under Eleventh Amendment); Pierson v. Ray, 386 U.S. 547 (1967) (describing interrelationship between 42 U.S.C. § 1983 and common-law immunity doctrines, such as judicial, legislative, and prosecutorial immunity).

For the reasons that follow, the Complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) because it fails to state a claim on which relief may be granted.  Plaintiff names as Defendants the United States Department of Veterans Affairs and the Board of Veteran Appeals.  Plaintiff claims that this Court has jurisdiction pursuant to 42 U.S.C. § 1983.  (Complaint [Doc. #2] at 1.)  Plaintiff alleges that in 1988 the Department of Veterans Affairs classified him as a mentally disabled veteran because of problems he had at the time.  (Id. at 3.)  Plaintiff refers to this classification as a "label."  He further states that "it appears to" him that potential employers or a "potential mutually romantically interested lady . . . could eventually

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly"s requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint).

3

possibly hear of the 'label', through third parties . . . [and] perceive the 'label' as a red flag." (Id.) Plaintiff further "presumes" that this "label" might hinder his efforts to find a job or a "a potential mutually romantically inclined woman may be hesitant to befriend" him. (Id.) Plaintiff claims that he should no longer be labeled as "disabled." (Id.) He requests as relief that the Board of Veterans Appeals remove the label "disabled veteran" and, if possible, remove "everything" about him from the Veterans Administration database. (Id. at 5.)

This is the third complaint filed by Plaintiff on the same allegations and requesting the same relief. The previous actions were Hutton v. U.S. Dep't of Veterans Affairs, No. 1:12CV190 (M.D.N.C. May 22, 2013) (judgment entered dismissing without prejudice) and No. 1:16CV1416 (M.D.N.C. Feb. 2, 2017) (judgment entered dismissing for failure to state a claim upon which relief may be granted). As mentioned above, the only statute cited by Plaintiff as a basis for his claims is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Here, Plaintiff Hutton has failed to plausibly allege a violation of any of his Constitutional rights or a right secured under federal law that was committed by a person acting under color of state law. His allegations are also speculative and conclusory as to any harm he has suffered. Therefore, he has failed to state a claim for relief under § 1983. No other plausible basis for federal jurisdiction appears in Plaintiff's Complaint.

In the previous actions, the Court has advised Plaintiff of various administrative avenues of relief that might be available to him. (See No. 1:12CV190, Recommendation entered on

March 29, 2013.)  Plaintiff gives no indication in his present Complaint that he has attempted any of these non-judicial avenues of relief.  Instead, Plaintiff has simply restated the claims that were rejected in the earlier actions.

Because Plaintiff has failed to state a valid claim for relief against any Defendant, this action should be dismissed.

Plaintiff's request to proceed in forma pauperis shall be granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that in forma pauperis status be granted for the sole purpose of entering this Order and Recommendation.

IT IS RECOMMENDED that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failing to state a claim upon which relief may be granted.

This, the 8th day of March, 2017.

/s/ Joi Elizabeth Peake
United States Magistrate Judge
